**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION**

| | | |
|---|---|---|
| DR. JAMES JONES,<br>    *Plaintiff,* | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 6:09-CV-65 |
| ANGELO STATE UNIVERSITY,<br>    *Defendant.* | §<br>§<br>§ | |

---

**BRIEF IN SUPPORT OF DEFENDANT'S RULE 12(B)(1) AND 12(B)(6)
MOTION FOR PARTIAL DISMISSAL FOR LACK OF JURISDICTION BASED
UPON ELEVENTH AMENDMENT IMMUNITY AND FAILURE TO STATE A CLAIM**

---

TO THE HONORABLE SAM R. CUMMINGS, UNITED STATES DISTRICT JUDGE:

Defendant ANGELO STATE UNIVERSITY ("ASU" or "The University"), hereby files its *Brief in Support of Defendant's Rule 12(b)(1) and 12(b)(6) Motion for Partial Dismissal for Lack of Jurisdiction Based Upon Eleventh Amendment Immunity and Failure to State a Claim,* and in support thereof would show this Court the following:

**I.
ARGUMENT AND AUTHORITIES**

**A.    Rule 12(b) Dismissal Standard.**

    **1.    Standard under Rule 12(b)(1).**

The Federal Rules of Civil Procedure require dismissal of a lawsuit if the district court lacks subject matter jurisdiction over the claims asserted in the complaint. FED. R. CIV. P. 12(b)(1); *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1009 (5th Cir. 1998) ("A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."). "[T]he court should consider the Rule 12(b)(1)

jurisdictional attack before addressing any attack on the merits." *Ramming v. U. S.*, 281 F.3d 158, 161 (5th Cir. 2001) (internal quotation marks omitted). "[T]he burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). *Accord Ramming*, 281 F.3d at 161 ("the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist").

   2.   **Standard under Rule 12(b)(6).**

On a motion to dismiss under Rule 12(b)(6), the court is called upon "to determine whether, in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Cornish v. Correctional Services Corp.*, 402 F.3d 545, 548 (5th Cir. 2005) (brackets and internal quotation marks omitted). "In other words, a motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Ramming v. U.S.*, 281 F.3d 158, 161-62 (5th Cir. 2001).

> Recently, the Supreme Court has clarified the standards for dismissal under this rule, holding that they are less deferential to the plaintiff's pleadings than was previously thought. In the past, this court has frequently used the expression that a case will not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." The Supreme Court, however, recently retired *Conley*'s "no set of facts" language[,] stating that "the phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard."

*Cuvillier v. Taylor*, 503 F.3d 397, 401 n. 4 (5th Cir. 2007) (citations and parentheses omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007) (discussing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Now, under the current standard:

> To survive a Rule 12(b)(6) motion to dismiss, a complaint . . . must provide . . . factual allegations that when assumed to be true raise a right to relief above the speculative level. Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court.

*Cuvillier*, 503 F.3d at 401 (citation, internal quotation marks, and ellipse omitted) (quoting *Twombly*, 550 U.S. at 555-56). "The pleading must contain something more than a statement of facts that merely creates a suspicion of a legally cognizable right of action, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 127 S.Ct. at 555 (ellipses, footnote, and internal quotation marks omitted).

**B.    All Of Dr. Jones' Claims, Other Than His Claim Under Title VII and the Federal Declaratory Judgment Act, Are Barred By The Immunity Afforded To State Entities Under The Eleventh Amendment.**

Under the Eleventh Amendment, federal courts lack jurisdiction to entertain suits in law or equity against a non-consenting state, or a state agency, by its own citizens. *See In re Soileau,* 488 F.3d 302, 305 (5th Cir.2007), *cert. denied,* --- U.S. ----, 128 S.Ct. 1220 (2008); *Martinez v. Tex. Dep't of Criminal Justice,* 300 F.3d 567, 573 (5th Cir.2002). For Eleventh Amendment immunity purposes, a suit against a state agency is a suit against the state. *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 908 (1983). It is therefore well settled that, unless waived, Eleventh Amendment immunity deprives a federal court of jurisdiction to hear a suit for damages against the State of Texas, any of its agencies, or a Texas state official. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304 (1989); *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347 (1974). ASU is a state institution of higher education organized and administered under the statutes of the State of Texas, and is thus a state entity entitled to the full panoply of protections and immunities enjoyed by the State of Texas. *See* TEX. EDUC. CODE § 109A.001 (b). (West 2009).

The Eleventh Amendment to the U.S. Constitution states "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign

State." U.S. CONST. AMEND. XI. (West 2009). There are two well-established exceptions to Eleventh Amendment immunity. First, Congress can abrogate the state's immunity without a state's consent when acting under its authority under the enforcement provisions of section 5 of the Fourteenth Amendment. *Atascadero State Hospital v. Scanlon,* 473 U.S. 234, 238, 105 S.Ct. 3142 (1985). Second, a state may waive its immunity and consent to suit in federal court. *Id.* The state may waive its own immunity either by express legislative act, or through certain conduct, such as removal of a lawsuit from state to federal court. *Lapides v. Bd. of Regents of Univ. System of Georgia,* 535 U.S. 613, 624, 122 S.Ct. 1640 (2002). Here, however, Dr. Jones has pled no facts establishing a waiver of Eleventh Amendment immunity with respect to any of his state law claims, nor his claims under the U.S. and Texas Constitutions and the ADEA. Accordingly, the University is entitled to dismissal of those claims for lack of jurisdiction.

    **1.**    **ASU has not waived its immunity from Dr. Jones' discrimination claims under Chapter 21 of the Texas Labor Code.**

In Counts I and II of his Original Complaint, Dr. Jones asserts claims for religious discrimination under both Title VII and Chapter 21 of the Texas Labor Code, as well as claims for age discrimination under the ADEA and Chapter 21. *See* Plaintiff's Original Complaint, ¶¶ 4.2-4.15, pp. 13-16. The University does not contest that its immunity has been validly waived by Congress with respect to the Title VII claims; however, the claims asserted under Chapter 21 are nevertheless barred by the Eleventh Amendment. It has long been settled that a state's waiver of its Eleventh Amendment immunity must be unequivocally expressed. *See, e.g., Edelman v. Jordan,* 415 U.S. 651, 673, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). A state's waiver of sovereign immunity in state court, however, does not mean the state has waived Eleventh Amendment immunity in federal court. *Martinez v. Texas Department of Criminal Justice*, 300 F.3d 567 (5th Cir.2002).

In *Perez v. Region 20 Educ. Service Center,* 307 F.3d 318 (5th Cir.2002), a plaintiff argued that the Labor Code's definition of employer – which included state agencies – coupled with the stated purpose of the Chapter to give effect to the policies embodied in the federal anti-discrimination legislation, served as proof that the legislature intended to waive Eleventh Amendment immunity from suit under the Labor Code in federal court. *Id.* at 332. The Fifth Circuit, however, found that the language of Chapter 21 clearly evidenced intent by the Texas Legislature to waive sovereign immunity from suit in Texas state courts, but did *not* contain a clear and unequivocal intent to waive the state's Eleventh Amendment immunity in federal court. *Id.* Therefore, the court declined to reverse the district court's dismissal of the plaintiff's case on immunity grounds.

The facts as pled in Dr. Jones' case here are clearly analogous to those in *Perez.* Here, Dr. Jones has pled no facts evidencing a clear and unambiguous waiver of ASU's Eleventh Amendment immunity from suit in federal court under the Labor Code. Instead, as in *Perez,* he appears to rely solely on the fact that such claims may be brought, without fear of dismissal on immunity grounds, in state district court. However, because the Labor Code contains no express waiver of Eleventh Amendment immunity, ASU is entitled to the protections of that defense and the Court must therefore dismiss those claims on sovereign immunity grounds. Accordingly, ASU respectfully requests that the Court grant its motion and dismiss Dr. Jones' age and religious discrimination claims brought under Chapter 21 of the Texas Labor Code.

### 2.     The ADEA does not waive ASU's Eleventh Amendment immunity.

In addition to his age claim under the Texas Labor Code, in Count II of his Original Complaint, Dr. Jones also sues ASU for age discrimination under the federal Age Discrimination in Employment Act (ADEA). *See* Plaintiff's Original Complaint, ¶¶ 4.9-4.15, pp. 15-16. However, the U.S. Supreme Court has held that the ADEA does not contain a valid waiver of the states' Eleventh

*Brief in Support of Defendant's Rule 12(b)(1) and 12(b)(6) Motion for Partial Dismissal*
*for Lack of Jurisdiction Based Upon Eleventh Amendment Immunity and Failure to State a Claim*          *Page 5*

Amendment immunity. *Kimel v. Florida Bd. of Regents,* 528 U.S. 62, 90, 120 S.Ct. 631 (2000). Dr. Jones has pled no facts establishing any other valid waiver of the University's immunity. Accordingly, this Court has no subject matter jurisdiction to hear any age discrimination claims brought under the ADEA.

        **3.**     **Section 1983 does not waive ASU's Eleventh Amendment immunity.**

In Counts III, IV, and V of his Original Complaint, Dr. Jones asserts claims of discrimination, retaliation, and due process violations under the First, Fifth, and Fourteenth Amendments to the U.S. Constitution. *See* Plaintiff's Original Complaint, ¶¶ 4.16-4.36, pp. 16-22. Although Dr. Jones purports to bring these claims under the First, Fifth, and Fourteenth Amendments to the U.S. Constitution, such pleading is not permitted by law because the Constitution does not provide an inherent mechanism for bringing such claims; rather, the proper mechanism for suing to vindicate constitutional rights is via the statutory mechanism established by 42 U.S.C. § 1983. *See Oden v. Oktibbeha County, Miss.,* 246 F.3d 458, 464 (5th Cir. 2001). Dr. Jones has referenced Section 1983 in his constitutional claims and thus, ASU assumes that he intends to invoke the provisions of that statute in order to assert his constitutional claims in this case.

The states' Eleventh Amendment immunity with respect to civil rights claims under 42 U.S.C. § 1983 has been litigated exhaustively; however, the U.S. Supreme Court has unequivocally held that Section 1983 does not waive a state's immunity under the Eleventh Amendment. *Quern v. Jordan,* 440 U.S. 332, 338 n. 7, 99 S.Ct. 1139 (1979). Thus, state agencies, as subdivisions of the state, are entitled to the immunity defense when sued under 42 U.S.C. § 1983. *Id.*; *see also Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 101-02, 104 S.Ct. 900 (1984). Because ASU is a state entity entitled to the full panoply of protections and immunities enjoyed by the State of Texas (TEX. EDUC. CODE § 109A.001 (b)) the University is entitled to Eleventh Amendment

immunity. Therefore, this Court has no jurisdiction to hear any claims asserted against the University pursuant to 42 U.S.C. § 1983. Accordingly, Dr. Jones' claims for due process violations, First Amendment retaliation, and religious discrimination under the First, Fifth, and Fourteenth Amendments should be dismissed for lack of jurisdiction.

### 4. The Religious Freedom Restoration Act expressly states that its waiver of immunity does not extend to immunity granted by the Eleventh Amendment.

In Count VII of his Original Complaint, Dr. Jones asserts a claim for undue burden on his free exercise of religion in contravention of Chapter 110 of the Texas Civil Practice and Remedies Code, commonly referred to as the Texas Religious Freedom Restoration Act. *See* Plaintiff's Original Complaint, ¶¶ 4.41-4.43, pp. 23-24. The Act states that ". . . a government agency may not substantially burden a person's free exercise of religion." TEX. CIV. PRAC. & REM CODE § 110.003(a) (West 2009). Further, the Act provides for a variety of remedies including compensatory damages, attorneys' fees, and both declaratory and injunctive relief. TEX. CIV. PRAC. & REM CODE § 110.005(a) (West 2009). The Act contains an express waiver of the state's sovereign immunity in state district court (TEX. CIV. PRAC. & REM CODE § 110.008(a)), but expressly disclaims any waiver of immunity enjoyed under the Eleventh Amendment:

> (b) Notwithstanding Subsection (a), this chapter *does not waive or abolish sovereign immunity to suit and from liability under the Eleventh Amendment* to the United States Constitution

TEX. CIV. PRAC. & REM CODE § 110.008(b) (West 2009) (emphasis added). Accordingly, Dr. Jones' claims under the Religious Freedom Restoration Act are clearly barred by the Eleventh Amendment. For that reason, the Court should dismiss this claim.

Even if the retention of Eleventh Amendment immunity were not so obviously retained, the facts as pled (or more importantly *not* pled) in this case would still warrant dismissal for want of

jurisdiction. In addition to its waiver provision, the Act further contains a notice provision requiring that a plaintiff alleging a violation of the Act first provide a notification letter to the offending state agency at least 60 days before filing suit. *See* TEX. CIV. PRAC. & REM CODE § 110.006(a) (West 2009). Dr. Jones has pled no facts demonstrating that he sent a letter complying with all of the requirements of notice under Section 110.006(a) of the Religious Freedom Restoration Act. Because notice is a condition precedent to suit, it is therefore jurisdictional under Texas law. *See* TEX. GOV'T CODE § 311.034 (West 2009). The absence of a factual recitation demonstrating notice deprives this Court of jurisdiction to hear a claim under the Religious Freedom Restoration Act. Accordingly, the Court should dismiss this claim.

### 5. The Eleventh Amendment protects ASU's sovereign immunity from suit for breach of contract.

In Count VIII of his Original Complaint, Dr. Jones asserts a claim for breach of contract against ASU. *See* Plaintiff's Original Complaint, ¶¶ 4.44-4.50, pp. 24-25. It is well-settled in Texas law that, although a state agency may remain liable for the contracts into which it may enter, the state and its agencies nevertheless enjoy sovereign immunity from suit for breach of contract claims. *Texas Nat. Res. Conserv. Comm'n v. IT-Davy,* 74 S.W.3d 849, 854 (Tex.2002). Because Dr. Jones has pled no valid waiver of ASU's sovereign immunity from suit for breach of contract, that claim is barred under the Eleventh Amendment. Accordingly, the Court should grant ASU's motion and dismiss Dr. Jone's breach of contract claim.

### 6. Dr. Jones' Texas Constitution claims under Article 1, section 8 are barred by the Eleventh Amendment.

In Count VI of his Original Complaint, Dr. Jones purports to sue ASU for alleged violations of his free speech rights under Article 1, § 8 of the Texas Constitution. *See* Plaintiff's Original Complaint, ¶¶ 4.37-4.40, p. 23. However, for the same reasons set forth above with respect to his

Labor Code claims, Dr. Jones' claims under the Texas Constitution are barred by Eleventh Amendment immunity. *See University of Texas at Dallas v. Matney,* 280 S.W.3d 882 (Tex.App.—Dallas 2009) (dismissing ADEA claims for both damages and injunctive relief on Eleventh Amendment grounds). Even if such claims are proper in a state district court, there is no express waiver of immunity in federal court. Further, to the extent Dr. Jones seeks damages under such a claim, he may not do so as a matter of law. *City of Beaumont v. Bouillion,* 896 S.W.2d 143, 147 ("We hold there is no implied private right of action for damages arising under the free speech and free assembly sections of the Texas Constitution."). To the extent he seeks only prospective injunctive relief, Dr. Jones' claims are moot, as he is no longer employed by the University. Accordingly, the Court should grant ASU's motion and dismiss Dr. Jones' claims under the Texas Constitution as well.

C.  **Even If Immunity Were Waived, Dr. Jones' Claims Under 42 U.S.C. § 1983 Should Be Dismissed Because They Fail To State A Claim Upon Which Relief May Be Granted By This Court Because A State Agency Is Not A "Person" For The Purposes Of A Section 1983 Claim.**

In order to properly assert a § 1983 claim, a plaintiff must assert facts which, if believed, would demonstrate that (1) a person (2) acting under color of state law (3) subjected the plaintiff or caused the plaintiff to be subjected to (4) the deprivation of a right secured by the Constitution or laws of the United States. *See West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 2255 (1988). As noted above, Angelo State University is an entity specifically created by Texas statute, funded by public monies, and included as part of the Texas Tech University System. *See* TEX. EDUC. CODE § 109A.001 (b) (West 2009). A state entity, however, is not a "person" for the purposes of the first element of a proper § 1983 cause of action. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312 (1989). Thus, because ASU is a state entity, any claims pursuant to 42 U.S.C.

§ 1983 asserted against the University do not state a valid claim upon which this Court may grant relief. Accordingly, Dr. Jones' claims against ASU are improper and should be dismissed for failure to state a claim.

**D.    Dr. Jones' Claims Under The Federal Declaratory Judgment Act Do Not State Claims For Which This Court Can Grant Relief.**

The Declaratory Judgment Act (DJA) permits federal courts to issue declarations as to the rights of parties to a controversy. 28 U.S.C. § 2201(a) (West 2009). However, the Act does not confer jurisdiction on this court; instead, it must be appended or relate to an existing case or controversy over which the trial court has subject matter jurisdiction. *Skelly Oil Co. v. Phillips Co.,* 339 U.S. 667, 671-72, 70 S.Ct. 876 (1950); *Anago, Inc. v. Tecnol Medical Products, Inc.,* No.3-92-250-H, 1992 WL 387242, n3 at *3 (N.D.Tex. Nov. 27, 1992) (citing *Borden v. Katzman,* 881 F.2d 1035, 1037 (11th Cir.1989). In Count IX of his Original Complaint, Dr. Jones purports to sue for three declarations: (1) that Rule 4.71 of the State System's Rules and Regulations is unconstitutional; (2) that ASU violated his constitutional rights; and (3) that ASU breached his contract. *See* Plaintiff's Original Complaint, ¶¶ 4.51-4.53, p. 25. However, Dr. Jones' claims under the DJA are not properly before the Court because he cannot demonstrate that the Court has subject matter jurisdiction over a case or controversy relevant to the requested declarations. *Skelly Oil,* 339 U.S. at 671-72, 70 S.Ct. 876.

Dr. Jones' request for a declaration as to the constitutionality of Rule 4.71 and his request that the Court declare that ASU has violated his constitutional rights both pertain to his civil rights claims under 42 U.S.C. § 1983 – the only claims which mention his constitutional rights – over which the Court has no jurisdiction because of Eleventh Amendment immunity. *See* Section B(3) *supra.* Likewise, his request for a declaration that ASU breached his contract pertains to his breach

of contract claim, which is also barred by Eleventh Amendment immunity. *See* Section B(5) *supra.* Further, even if the request for a declaration based on the contract action were not barred by the Eleventh Amendment, it would nevertheless be barred here because a breach of contract claim is a state law claim, not a federal claim and there is no independent jurisdiction in this Court because the underlying case – breach of contract – is not a federal claim and there is no diversity of parties between Dr. Jones and ASU. *See Anago, Inc.,* 1992 WL 387242 at *3 n3. Accordingly, the Court has no jurisdiction over Dr. Jones' requests for declaratory relief under the federal DJA. For that reason, Dr. Jones has failed to state a valid claim, and the Court should dismiss those claims pursuant to Rule 12(b)(6).

## II.
## CONCLUSION

FOR THE FOREGOING REASONS, Defendant Angelo State University respectfully requests that the Court grant its Motion for Partial Dismissal and enter an order dismissing all claims other than Dr. Jones' Title VII and Federal Declaratory Judgment Act claims premised on his contention that Rule 4.71 of the State System's Rules and Regulations is unconstitutional. All other claims are clearly barred by Eleventh Amendment immunity. Dr. Jones has pled no waiver of ASU's federally protected immunity to his claims under Chapter 21 of the Texas Labor Code, the ADEA, Section 1983, the Religious Freedom Restoration Act, breach of contract, and the Texas Constitution. Moreover, his claims under Section 1983 and for declaratory relief under the Declaratory Judgment Act fail to state a valid claim under Rule 12(b)(6). Accordingly, the only claim that should remain in this lawsuit is Dr. Jones' Title VII claims for religious discrimination. For that reason, Defendant Angelo State University respectfully requests that the Court grant its Motion for Partial Dismissal and dismiss the aforementioned claims.

Respectfully submitted,

GREG ABBOTT
Texas Attorney General

C. ANDREW WEBER
First Assistant Attorney General

DAVID S. MORALES
Deputy Attorney General for Civil Litigation

ROBERT B. O'KEEFE
Chief, General Litigation Division


/s/ Daniel C. Perkins
**DANIEL C. PERKINS**
Texas Bar No. 24010301
Assistant Attorney General
Texas Attorney General's Office
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667 FAX
dan.perkins@oag.state.tx.us

*ATTORNEYS FOR DEFENDANT*

# **CERTIFICATE OF SERVICE**

I certify that a copy of the above *Brief in Support of Defendant's Rule 12(b)(1) and 12(b)(6) Motion for Partial Dismissal for Lack of Jurisdiction Based Upon Eleventh Amendment Immunity and Failure to State a Claim* was served by the following manner, on the **27th day of July 2009,** upon the following individuals at the listed addresses:

| | | | |
|---|---|---|---|
| Frank W. Hill | fh@hillgilstrap.com | __X__ | Via CM/ECF email |
| Frank Gilstrap | fgilstrap@hillgilstrap.com | ____ | Via Certified Mail Return Receipt Requested |
| Michael Y. Kim | mkim@hillgilstrap.com | ____ | Via Facsimile (817) 861-4685 |
| HILL GILSTRAP | | __X__ | Via Regular Mail |
| 1400 W Abram St | | | |
| Arlington , TX 76013 | | | |

*ATTORNEYS FOR PLAINTIFF*

/s/ Daniel C. Perkins
**DANIEL C. PERKINS**
Assistant Attorney General
General Litigation Division